Vermont Superior Court
Filed 12/11/25
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02898

| **Eric Shatrau v. Nicholas Deml** |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss (Motion: 2)
Filer:        Rebecca J. Ronga
Filed Date:   July 18, 2025

In this Rule 74 furlough appeal, appellee Commissioner of the Department of Corrections (the Department), moves to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted.

The record here demonstrates that appellant Eric Shatrau was released on community supervision furlough in December 2024 subject to conditions including Condition 1 ("I will not be cited or charged; I will not commit any act punishable by law, including city and municipal code violations") and Condition 3 ("I will not engage in threatening, violent, or assaultive behavior."). On May 4, 2025, the Vermont State Police received a report that Eric had assaulted another man the previous evening. Following a brief investigation, Eric was arrested and charged with simple assault. He was lodged and received a notice of suspension report alleging that he had violated Conditions 1 and 3. Following a contested hearing on May 8 at which Eric appeared and was represented by a hearing assistant, Eric was found guilty of both violations. With respect to Condition 1, the hearing officer found that Eric was "charged with simple assault," and with respect to Condition 3, the hearing officer found that "[e]ngaging in simple assault is engaging in threatening behavior." Agency Record (AR 25). In other words, the hearing officer made a factual finding based on the evidence presented at the hearing that Eric had violated Condition 3 by committing a simple assault. Following a June 18, 2025 case staffing, the Department interrupted Eric's furlough for one year.

The Department argues the court lacks subject matter jurisdiction because Eric's furlough violations were not "technical" violations and therefore do not fall within the ambit of Rule 74. *See* 28 V.S.A. § 724(c)(1) ("An offender whose community supervision furlough status is revoked or interrupted for 90 days or longer *for a technical violation* shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure." (emphasis added)). By statute, a "'[t]echnical violation'" means a violation of conditions of furlough that does not constitute a new crime." 28 V.S.A. § 722(4).

On the facts presented here, where Eric was criminally charged with simple assault, and a hearing officer has made a factual determination following a contested hearing that Eric engaged in the charged conduct, the court concludes, by a preponderance of evidence, that appellant's furlough was suspended for a violation that constitutes a new crime. *See* 28 V.S.A. § 722(4); 724(c)(1). The court accordingly lacks subject matter to consider the appeal.[1]

## Order

The motion to dismiss is GRANTED.

Electronically signed on: 12/10/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

---

[1] Because the court resolves the motion on this basis, it does not consider the plea agreement filed in the criminal case.